Mr. Chief Justice Moore
delivered the opinion of the Court.
This matter is before the court on rehearing, and the former opinion herein announced February 6, 1967, is withdrawn.
James Maulding, the plaintiff in error, was a full-time fireman employed by the Lakewood Fire Protection District. He filed a complaint in which it was alleged that on two occasions he was subjected to disciplinary action by the district acting through the members of the Board of Directors who were made defendants in the action. As a result of the first of these proceedings he was demoted from the rank of Lieutenant to the rank of Fireman 1st Grade. Following the second action, which followed the first by about seven months, it was alleged that he was illegally discharged from his employment. It is alleged that in each of the above-mentioned proceedings the defendant Lakewood Fire Protection District and the directors thereof violated the rules and regulations adopted by the district governing presentation and hearing of charges made against an employee of the district. It is further alleged that his demotion and subsequent discharge from employment were without justification in law and should not be permitted to stand for various reasons particularly mentioned in the complaint.
The district and the .individual defendants filed a motion to dismiss. At the hearing on the motion the trial court sustained the motion; dismissed the action and indicated its reasons for so doing in the following comments:
*339 “Courts can’t hear every argument involved in disputes when municipalities and quasi-judicial bodies fire a man. They haven’t any tenure. If the City of Arvada or the City of Golden discharges one of their employees — they have a perfect right to discharge them no matter what their reasons are.”
We are concerned in the instant case with the question of whether the defendants in this action followed their own rules and regulations in disposing of the services of the plaintiff.
Under pertinent provisions of C.R.S. 1963, 89-6-1 to 45 (The Fire Protection District Act of 1949) the defendants were empowered:
“For the purpose of providing fire protection to the property within the district, * * *
“(11) To adopt and amend by-laws, not in conflict with the constitution and laws of the state for carrying on the business, objects and affairs of the board and of the district.” Under this authority the defendants established procedures concerning the manner in which firemen employed by them were to be subjected to censure or discharge. These rules and regulations were, at all times pertinent to this action, in full force and effect and the defendants could not discharge the plaintiff without following the procedures prescribed by these rules.
We hold that the trial court erred in reaching the conclusion that the defendants had “a perfect right to discharge them [the plaintiff] no matter what their reasons are.” To the extent that the plaintiff was protected in his employment by the rules and regulations of the Lakewood Fire Protection District he had “tenure” and could only be deprived thereof for cause, under procedures adopted by the district. The plaintiff is entitled to judicial review of the full procedures resulting in his discharge, and the defendants should be required to answer.
The judgment is reversed and the cause remanded *340 with directions to proceed to issue and trial upon the merits.